IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS BEHARRY,               *
       Petitioner
                              *

v.                                      CIVIL ACTION NO. AMD-05-2965
                             *

UNITED STATES OF AMERICA,
       Respondent               *
                            ******

MEMORANDUM

On October 31, 2005, Nicholas Beharry, a Department of Homeland Security detainee, filed what has been construed as Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Paper No. 1. Mr. Beharry seeks relief regarding his 1998 state court conviction for conspiracy to rob which now, apparently, serves as the basis for his order of deportation. For the reasons set out herein, the court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.2000). The pending application is beyond doubt a second and successive one which petitioner has filed in this court. On June 24, 2003, he filed his first federal habeas corpus application concerning his 1998 convictions. On September 5, 2004, the petition was denied. *See Beharry v. Galley*, Civil Action No. AMD-03-1873.

Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider the application. 28

U.S.C. § 2244(b)(3)(A); *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).  Undoubtedly, petitioner has not complied with this "gatekeeper" provision.  Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition; accordingly, the petition shall be dismissed.  An Order follows.


Filed: November 21, 2005                                    /s/
                                                  Andre M. Davis
                                                  United States District Court Judge